USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MASON TENDERS DISTRICT COUNCIL WELFARE FUND; MASON TENDERS DISTRICT COUNCIL PENSION FUND; MASON TENDERS DISTRICT COUNCIL ANNUITY FUND; MASON TENDERS DISTRICT COUNCIL TRAINING FUND; MASON TENDERS DISTRICT COUNCIL HEALTH AND SAFETY FUND; and DOMINICK GIAMMONA, as FUNDS' CONTRIBUTIONS/DEFICIENCY MANAGER,

Plaintiffs,

-against-

GIBRALTAR CONTRACTING, INC.; and CHRISTIAN VARELA, in his Personal Capacity,

Defendants.

1:18-cv-3668-MKV

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND AWARDING PLAINTIFFS ATTORNEYS' FEES AND COSTS

---

MARY KAY VYSKOCIL, United States District Judge:

This case arose under the Employee Retirement Income Security Act. The Court (Torres, *J.*) entered an Order granting summary judgment in favor of Plaintiffs on January 6, 2020, (Order [ECF No. 64]), followed by an Amended Order on January 14, 2020 (Amended Order [ECF No. 66]). This case was reassigned to me on February 6, 2020.

On February 18, 2020, the Court entered Judgment in accordance with the Order and Amended Order by Judge Torres awarding Plaintiffs, *inter alia*, "reasonable attorneys' fees and costs to be fixed by subsequent motion." (Judgment [ECF No. 70].) On February 19, 2020, the Court referred this matter to Magistrate Judge Cott for resolution of Plaintiffs' forthcoming Motion for Attorneys' Fees. (Order Referring Case to Magistrate Judge [ECF No. 71].) On March 30, 2020, Plaintiffs filed their Motion for Attorneys' Fees and supporting papers, requesting $174,671.50 in attorneys' fees and $7,339.25 in costs, for a total of $182,010.75. (Decl. Bruce L. Listhaus Supp. Mot. Attorney Fees [ECF No. 76]; Mot. Attorney Fees [ECF No. 74].) Defendants

filed their Opposition on April 20, 2020 (Mem. Opp. Mot. Attorney Fees [ECF No. 83]); and Plaintiffs filed their Reply and additional supporting papers on May 15, 2020 (Reply Mem. Supp. Mot. Attorney Fees [ECF No. 88]).

On October 6, 2020, Magistrate Judge Cott issued a Report and Recommendation recommending that a "20% across-the-board reduction in the attorneys' fees requested, for an award of $139,737.20, and an award of $7,339.25 in costs, for a total of $147,076.45." (Report & Recommendation ("R&R") 1 [ECF No. 89].) The deadline for objections from the parties expired on October 20, 2020. To date, no objections have been filed.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties are given fourteen days to raise objections to the report and recommendation. *Id.* "A district court must review *de novo* 'those portions of the report or specified proposed findings or recommendations to which objection is made.'" *George v. Professional Disposables Int'l, Inc.*, No. 15-CV-3385 (RA), 2016 WL 3906715, at *1 (S.D.N.Y. July 14, 2016) (quoting 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P. 72(b) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). "Where no timely objection has been made, the district court may adopt the report and recommendation, 'provided no clear error is apparent from the face of the record.'" *Gao v. Perfect Team Corp.*, 10 Civ. 1637 (ENV) (CLP), 2016 WL 1464556, at *1 (E.D.N.Y. Apr. 13, 2016) (quoting *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014)); *see also Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (quoting *Arthur v. Goord*, No. 06 Civ. 326(DLC), 2008 WL 482866, *3 (S.D.N.Y. Feb. 21, 2008))). Clear error is

2

present where "upon review of the entire record, [the Court is] 'left with the definite and firm conviction that a mistake has been committed.'"  *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)).

Although no objections have been filed, and thus *de novo* is not required, the Court carefully reviewed the Report and Recommendation *de novo* in an abundance of caution.  *See Yash Raj Films (USA) Inc. v. Bobby Music Co. & Sporting Goods Inc.*, No. 01-CV-8378 (JFB)(CLP), 2007 WL 9706614, at *1 (E.D.N.Y. Sept. 20, 2007).  The Court finds no error—clear or otherwise—in Magistrate Judge Cott's thorough and well-reasoned Report and Recommendation.

The Report and Recommendation reflects a meticulous review of Plaintiffs' submissions and a well-reasoned application of the relevant caselaw.  Magistrate Judge Cott's thoroughness is evident from his independent review and analysis of Plaintiffs' submissions to determine whether the hourly rates billed by Plaintiffs' attorneys were reasonable even though Defendant did not challenge the billing rates.  (R&R 8.)  As Magistrate Judge Cott recommends, a twenty-percent across-the-board reduction is appropriate here to account for the issues described in the Report and Recommendation: (1) a senior associate with the second-highest hourly rate doing "a large portion of the document review even though such a task would have been better suited for a junior associate" (R&R 13–14); (2) the slightly excessive number of hours billed for depositions (R&R 15–17); (3) the vagueness of certain billing entries (R&R 18–20); and (4) some use of block-billing (R&R 20–22).  *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (affirming twenty-percent reduction "for vagueness, inconsistencies, and other deficiencies in the billing records"); *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989) (affirming thirty-percent reduction for, *inter alia*, vagueness in certain time entries); *Jarosz v. Am. Axle & Mfg., Inc.*, No. 12-CV-39S, 2019 WL 6723741, at *9 (W.D.N.Y. Dec. 11, 2019) (applying twenty-percent reduction "to trim duplicative and excessive time . . . and to account for vague and block-

billed entries"); *Montefiore Med. Ctr. v. Local 272 Welfare Fund*, Nos. 09-CV-3096 (RA)(SN), 14-CV-10229 (RA)(SN), 2019 WL 4565099, at *11 (S.D.N.Y. Sept. 19, 2019) (applying twenty-percent reduction to "ensure[] that [plaintiff] does not recover for clerical work, improper block-billing, and vague billing entries" and to "account[] for other unreasonably expended hours"); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 509 (S.D.N.Y. 2012) (applying twenty-percent reduction for some excessive or unnecessary hours billed); *Price v. Cushman & Wakefield, Inc.*, No. 08 Civ. 8900 (SC), 2012 WL 13070114, at *8 (S.D.N.Y. Jan. 4, 2012) (applying twenty-percent reduction for, *inter alia*, block-billing and vague entries); *Alexander v. Amchem Prods., Inc.*, 07 Civ. 6441 (RJS), 2008 WL 1700157 at *8 (S.D.N.Y. Apr. 3, 2008) (applying twenty-percent reduction where counsel "failed to demonstrate the reasonableness of the proffered amount of time spent on [certain] tasks"); *Morin v. Nu-Way Plastering, Inc.*, No. CV 03-405(LDW)(ARL), 2005 WL 3470371, at *4 (E.D.N.Y. Dec. 19, 2005) (applying twenty-five percent reduction for some overlap of efforts and insufficiently detailed time records); *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 Civ. 3600, 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005) (applying twenty-five percent reduction for "instances of block billing, vagueness, and excess"); *Trs. of the Bricklayers & Allied Craftworkers Local 5 N.Y. Ret. v. Helmer-Cronin Constr., Inc.*, No. 03 Civ. 0748, 2005 WL 3789085, at *5 (S.D.N.Y. Oct. 24, 2005) (applying twenty-percent reduction where record was "replete with vague entries"); *Aiello v. Town of Brookhaven*, No. 94-CV-2622, 2005 WL 1397202, at *3 (S.D.N.Y. June 13, 2005) (applying fifteen percent reduction to hours billed for vague time entries); *Mr. X v. N.Y. State Dep't of Educ.*, 20 F. Supp. 2d 561, 564 (S.D.N.Y. 1998) (applying twenty-percent reduction for vague and duplicative time entries); *Local 32B-32J, Serv. Emps. Int'l. Union, AFL-CIO v. Port Auth. of N.Y. & N.J.*, 180 F.R.D. 251, 253 (S.D.N.Y. 1998) (applying twenty-percent reduction for vague billing descriptions); *NYSA-ILA Med. & Clinical Servs. Fund*

*v. Salco Trucking Corp.*, No. 90 Civ. 5949 (CSH), 1995 WL 404863, at *4 (S.D.N.Y. July 6, 1995) (applying twenty-percent reduction due to counsel spending "excessive, but not outrageous, amounts of time in performing certain work").

Accordingly, the Court HEREBY ADOPTS Magistrate Judge Cott's Report and Recommendation in its entirety. Plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully requested to (1) enter judgment for Plaintiffs in the amount of $147,076.45, consisting of $139,737.20 in attorneys' fees and $7,339.25 in costs, (2) terminate the motion at docket entry 74, and (3) close the case.

**SO ORDERED.**

Date: **October 29, 2020**  
  **New York, NY**

_____  
**MARY KAY VYSKOCIL**  
**United States District Judge**